IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RORY FORSTER,

                             Petitioner,

             v.                                    CASE NO. 11-3163-SAC

U.S. DEPARTMENT OF HOMELAND
SECURITY,

                             Respondent.


**O R D E R**

This matter comes before the court on a pleading titled as a petition for writ of mandamus. Petitioner is incarcerated in Kansas, serving a state sentence for his conviction on charges of first degree murder, aggravated arson, aggravated battery, aggravated kidnapping, criminal threat, rape, and aggravated sodomy.[1] Petitioner proceeds pro se and seeks leave to proceed in forma pauperis without prepayment of the $5.00 district court filing fee for this mandamus action.

*In Forma Pauperis*

Because the mandamus relief being sought does not relate to the disposition of a pending habeas action, petitioner's payment of the $5.00 district court filing fee is subject to the filing fee provisions in 28 U.S.C. § 1915(b) as amended by the Prison Litigation Reform Act (PLRA) in 1996.[2] Pursuant to the PLRA, when

---

[1]*See State v. Foster*, 290 Kan. 696 (2010).

[2]*Compare York v. Terrell*, 2009 WL 2219276 (10th Cir.2009)(unpublished)(mandamus action on claims interrelated to a habeas action was not "a civil action" as contemplated by 28 U.S.C. §

a prisoner brings a civil action in forma pauperis, the court is to assess an initial partial filing fee of 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account, for the six month period preceding the filing of the complaint or appeal. 28 U.S.C. § 1915(b)(1). Assessment of the initial partial filing fee in the present case is based on petitioner's average monthly deposit of $29.41. Twenty percent of that average deposit exceeds the $5.00 filing fee required, thus petitioner is obligated to pay the full $5.00 district court fee. *See* 28 U.S.C. § 1915(b)(3)("In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.").

*Mandamus*

Petitioner cites a pending Immigration and Customs Enforcement (ICE) detainer for his deportation, and states the detainer has been extended to the Wichita Detention and Removal Operations (DRO) Office in Wichita. Petitioner asks the federal court to "encourage the Wichita sub-office of ICE/DRO to complete [his] Deportation and Removal from the United States."

Petitioner cites 28 U.S.C. § 1361 which grants a United States District court original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[3] 28

---

1915(b) for application of the filing fee requirements imposed by PLRA); *In re Phillips*, 133 F.3d 770 (10th Cir.1998).

[3]Petitioner also cites the Kansas mandamus statute, K.S.A. 60-801, but that state statute provides no jurisdiction or legal basis for relief in federal court.

U.S.C. § 1361. To be entitled to mandamus relief, plaintiff must establish that his claim is "clear and certain," that the duty owed is "ministerial and so plainly prescribed as to be free from doubt," and that no other adequate remedy is available. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir.1990).

Petitioner maintains his deportation pursuant to a November 12, 2009, deportation detainer is "overdue," but as the court explained in dismissing petitioner's previous action,[4] the timing of petitioner's deportation rests within the discretion of the United States Attorney General while petitioner is serving his state sentence. Thus petitioner presents no factual or legal basis for the mandamus relief being sought.

But more significantly, as previously explained to petitioner, this court has no jurisdiction in habeas corpus or mandamus "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien..." 8 U.S.C. § 1252(g).

The petition is thereby denied as frivolous and as failing to state a claim for the relief being sought. Petitioner is advised that this civil action constitutes a "strike" for purposes of the 3-strike provision in 28 U.S.C. § 1915(g).[5] *See Green v. Nottingham*,

---

[4]Petitioner previously submitted a "Petition to Initiate Deportation," Case No. 10-3148-SAC, which the court liberally construed as seeking habeas corpus relief, and dismissed without prejudice for lack of jurisdiction.

[5]*See* 28 U.S.C. 1915(g)(a "3-strike" provision prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed

90 F.3d 415, 418 (10th Cir.1996)(mandamus petition qualifies as "civil action" under § 1915(g)).

IT IS THEREFORE ORDERED that petitioner is granted provisional leave to proceed in forma pauperis, and is obligated to pay the $5.00 district court filing fee in this mandamus action.

IT IS FURTHER ORDERED that the petition for a writ of mandamus is denied, and that this civil action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 25th day of October 2011 at Topeka, Kansas.

                                                 s/ Sam A. Crow
                                                 SAM A. CROW
                                                 U.S. Senior District Judge

---

on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").